# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ANGEL VALENCIA-PENA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FCI FORT DIX WARDEN, : <br> : <br> Defendant. : | Civil Action No. 24-9266 (BRM) <br><br> **MEMORANDUM AND ORDER** |

Before the Court is *pro se* Petitioner Luis Angel Valencia-Pena's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the $5.00 filing fee. This court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix, in Joint Base MDL, New Jersey. (ECF No. 1 at 1.) On September 18, 2024, Petitioner filed the instant Petition. (*Id.*) At the time of the filing of his Petition, Petitioner had been rendered eligible to earn credits under the First Step Act ("FSA") and had accrued a number of credits pursuant to the Act despite being subject to an immigration detainer. (*Id.* at 2, 3.) Petitioner, however, feared that the Bureau of Prisons ("BOP") and immigration authorities would deprive him of these earned credits illegally as he allegedly does not have a final order of removal. (*Id.* at 3.) Petitioner therefore requested a pre-emptive order enjoining the BOP from removing credits from him. (*Id.*)

At the time Petitioner filed his Petition, Petitioner's fear that the BOP would prevent him from applying his earned FSA credits was entirely speculative and he had not yet suffered a concrete injury. In order to have standing in a habeas matter such as this, a Petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). At the time of filing, Petitioner did not have an actual or imminent injury; he was merely speculating that one would come in the event that the Government initiates and pursues removal proceedings against him.

However, since the filing of the Petition, Petitioner has filed a subsequent and separate Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 at Civil Action No. 24-10607. (*See* Civ. No. 24-10607, ECF No. 1.) In his subsequent § 2241 Petition, Petitioner submits that on November 1, 2024, the BOP illegally removed his FSA earned time credit. (Civ. No. 24-10607, ECF No. 1 at 2.) As Petitioner is now proceeding with his subsequently filed § 2241 challenging the BOP preventing Petitioner from using his earned credits, this matter is now moot and will be dismissed as such. Petitioner may proceed with Civil Action No. 24-10607.

Accordingly,

**IT IS** on this 7th day of December 2024,

**ORDERED** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED as moot**; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular mail and shall **CLOSE** the file.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**